UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| PROGRESSIVE ADVANCED<br>INSURANCE COMPANY, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | Civil Action No.: 2:22cv321 |
| FENTON HOLT, III, et al., | )<br>)<br>) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court are two related motions: Plaintiff Progressive Advanced Insurance Company's ("Progressive") Motion for Default Judgment as to Defendant Fenton Holt, III ("Holt"), ECF No. 17, and Holt's Motion to Set Aside Entry of Default and for Leave to File Late Answer, ECF No. 21. Holt filed a memorandum opposing Progressive's Motion, ECF No. 20, and a separate memorandum supporting his own motion. ECF No. 22. Defendants Virgil and Shirley Derby ("the Derbys"), filed a response supporting Holt's Motion. ECF No. 23. Progressive filed a memorandum opposing Holt's Motion, ECF No. 24, and Holt timely replied, ECF No. 25. After the briefing on these two motions was completed, the parties consented to Magistrate Judge jurisdiction and the District Judge referred the case to the undersigned on January 20, 2023. ECF No. 28. Accordingly, the Motions are ripe for decision. For the reasons set forth below, Progressive's Motion for Default Judgment as to Holt, ECF No. 17, is **DENIED**, and Holt's Motion to Set Aside Entry of Default and for Leave to File Late Answer, ECF No. 21, is **GRANTED**.

A.     **FACTUAL BACKGROUND**

According to the Complaint, the incident giving rise to this litigation occurred on March 25, 2022, when a motor vehicle operated by Holt collided with the Derby's motor vehicle. ECF No. 1 at 3–6. The Derbys were leaving their home in their vehicle and were stopped at the end of their driveway; Virgil Derby was driving and Shirley Derby a passenger. *Id.* at 3–4. Holt, in his own vehicle, allegedly drove over sixty miles per hour across a travel lane of the highway, through the shoulder lance, and into the Derbys' vehicle. *Id.* at 3-5. The Derbys have claimed Holt used his vehicle as a weapon with the intent to kill Virgil Derby, and as a result, have suffered severe mental and physical injuries, pain, inconvenience, and substantial medical bills. *Id.* On July 6, 2022, the Derbys filed civil lawsuits against Holt in the Circuit Court for the County of Southampton, Virginia ("the Derby Lawsuits"). ECF No. 1 at 2, 4, attach. 1, attach. 2. The Derby Lawsuits allege Holt operated his vehicle in a willful, wanton, and reckless manner. ECF No. 1 attach. 1 at 2, attach. 2 at 2. The Derby Lawsuits claim Holt had the specific intent of hurting Virgil Derby and Holt acted with actual malice towards Shirley Derby. *Id.* Progressive is Holt's automobile liability insurer. *Id.* at 5-6.

The instant case was filed on July 29, 2022. ECF No. 1. At the time the Complaint was served in August 2022, Holt was incarcerated at the Southampton County Jail, but on September 15, 2022, he was transferred to the Western Tidewater Regional Jail because of maintenance work at the Southampton County Jail.[1] ECF No. 22 at 2–3. As Holt's liability insurer, Progressive is currently providing Holt a defense against the Derby Lawsuits. ECF No. 1 at 4–5. Progressive's policy agreement states Progressive does not provide liability coverage for any insured who "intentionally causes 'bodily injury' or 'property damage.'" *Id.* at 6. Progressive seeks a

---

[1] Criminal cases stemming from this incident are pending in Southampton Circuit Court. ECF No. 22 at 6 n.1.

2

Declaratory Judgment that it has no duty to defend Holt against the Derby Lawsuits because the damages were not caused by an auto accident and coverage is excluded under the policy agreement. *Id.* at 7.

By its pending motion, Progressive argues it is entitled to default judgment because Holt failed to timely answer the Complaint after he was served. ECF No. 17. Progressive claims Holt had until September 12, 2022, to file his answer and he failed to do so. *Id.* at 2. In response, Holt argues that Progressive did not serve, copy, or make Tyler Shands ("Shands")—the attorney Progressive appointed to represent Holt in the Derby Lawsuits—aware of this federal action. ECF No. 20 at 1. According to Holt, Progressive "bears substantial responsibility" because of this. ECF No. 22 at 4–5. Holt argues he "assumed that Shands would defend him in this action involving the coverage of his Progressive policy." *Id.* at 2. "Given prior communications from Attorney Shands to Defendant Holt, Defendant Holt understood that Attorney Shands, as his counsel provided by Progressive, would be responsible for filing an answer to the Complaint." ECF No. 20 at 1. Furthermore, Holt claims his mail is not being forwarded to the Western Tidewater Regional Jail. ECF No. 22 at 3. Holt alleges once he learned of Progressive's Motion for Default Judgment and learned an answer to Progressive's Complaint had not been filed, he immediately retained attorneys to represent him. ECF No. 20 at 2. Lastly, Holt claims the legal standards are in his favor because he has a meritorious defense to Progressive's Complaint for Declaratory Judgment, in that whether he acted intentionally in hitting the Derbys is the subject of two state court civil and two state court criminal proceedings and should not be resolved ahead of those proceedings. *Id.* at 3–6. Accordingly, Holt makes arguments for abstention until the state court matters are resolved. *Id.* at 6–8. However, because a motion to dismiss or motion to stay based on abstention are not presently before the Court, this argument is not considered now.

B.     **PROCEDURAL BACKGROUND**

This case comes before the Court under its diversity jurisdiction pursuant to 28 U.S.C. § 1332. ECF No. 1 at ¶ 6. Progressive brings this case under the Declaratory Judgment Act, 28 U.S.C § § 2201 and 2202. *Id.* at ¶ 5. Progressive filed its Complaint for Declaratory Judgment on July 29, 2022. ECF No. 1. On August 22, 2022, Progressive served Holt at the Southampton County Jail. ECF No. 22 at 2. The Derbys filed their Answers on September 1, 2022. ECF Nos. 8, 9. Holt has not filed an answer. On September 21, 2022, the Clerk's office filed a Notice explaining Holt had not filed responsive pleadings and requested counsel to file a status report. ECF No. 13. On October 6, 2022, Progressive filed a Request for Entry of Default as to Holt and a contemporaneous Status Report. ECF Nos. 14, 15. On October 7, 2022, the Clerk entered default as to Holt pursuant to Federal Rules of Civil Procedure 55(a). ECF No. 16. On October 13, 2022, Progressive filed a Motion for Default Judgment as to Holt. ECF No. 17. Holt alleges he learned he was unrepresented in this case shortly after October 18, 2022. ECF No. 22 at 3. On October 24, 2022, Holt filed a Motion to Set Aside Entry of Default and for Leave to File Late Answer. ECF No. 21. The Derby Lawsuits are stayed while state court criminal proceedings against Holt are pending.[2] ECF No. 22 at 6.

C.     **STANDARD OF REVIEW**

Defendants are required to file an answer "within 21 days after being served with the summons and complaint . . . ." Fed. R. Civ. P. 12(a)(1)(A)(i). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is

---

[2] According to the Virginia Courts Case Information website, of which the Court takes judicial notice, on December 15, 2022, Holt pleaded guilty to numerous charges arising out of this incident and is awaiting sentencing, now scheduled for April 13, 2023. Virginia's Judicial System, http://vacourts.gov (last accessed Feb. 17, 2023). *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (finding courts may take judicial notice of state court proceedings that were not part of the record before the district court) (citing *Coney v. Smith*, 738 F.2d 1199, 1200 (11th Cir. 1984)).

shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "The court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c).

The Fourth Circuit has "a strong preference" that cases be decided on the merits and defaults generally be avoided. *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). When deciding whether to set aside a default judgment, courts should liberally construe Rule 55(c) motions to "provide relief from the onerous consequences of defaults and default judgments." *Id.* at 421. The decision whether to set aside a default "lies largely within the discretion of the trial judge and his action is not lightly to be disturbed by an appellate court." *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967); *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006). Importantly, "[a]ny doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969).

While the Fourth Circuit has not explicitly defined "good cause," there are factors courts should consider when deciding whether to set aside an entry of default: whether the defaulting party has a meritorious defense; whether the defaulting party acted reasonably promptly; the defaulting party's personal responsibility for the default; the prejudice to the non-moving party; the availability and effectiveness of sanctions less severe than default; and whether the defaulting party has a history of dilatory action. *Payne ex rel. Estate of Calzada*, 439 F.3d at 204–05; *Payton v. Gaullart*, No. 3:22-cv-00042, 2022 WL 16636937, at *4 (W.D. Va. Nov. 11, 2022); *Vick v. Wong*, 263 F.R.D 325, 329 (E.D. Va. 2009).

"A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim." *Augusta Fiberglass Coatings,*

5

*Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988). More specifically, "'[t]he underlying concern is . . . whether there is some possibility that the outcome . . . after a full trial will be contrary to the result achieved by the default.'" *Id.* (citation omitted).

"Reasonable promptness is 'gauged in light of the facts and circumstances of each' case." *Aero Norfolk, LLC v. Philadelphia Truck Lines, Inc.*, No. 2:21cv101 (RCY), 2022 WL 839591, at *2 (E.D. Va. Mar. 21, 2022) (citing *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982)). Trial court judges are given great deference when considering the facts and circumstances of each situation. *Moradi*, 673 F.2d at 727. For example, when a defendant did not respond promptly to an entry of default, but responded within a few weeks to the plaintiff's motion for entry of default judgment, a court found the factor of reasonable promptness weighed in the defendant's favor. *Vick*, 263 F.R.D. at 330. Additionally, courts found waiting seventeen, twenty-one, and thirty-two days to attempt to set a default aside as reasonably prompt. *Burton v. The TJX Cos., Inc.*, No. 3:07cv760, 2008 WL 1944033, at *3 (E.D. Va. May 1, 2008).

When considering personal responsibility, courts are essentially asking whether the defaulting party is "ultimately responsible" for failing to respond. *Pinpoint IT Servs., LLC v. Atlas IT Export Corp.*, 812 F. Supp. 2d 710, 726 (E.D. Va. 2011). Courts may deny setting aside an entry of default "when the party's default was intentional or the result of negligence." *Id.* Courts may consider if the negligence is excusable. *Id.*

When considering prejudice to the non-defaulting party, courts look at if the delay: (1) made it impossible for the non-defaulting party to present some of its evidence; (2) made it more difficult for the non-defaulting party to proceed with trial; (3) hampered the non-defaulting party's ability to complete discovery; and (4) was used by the defaulting party to collude or commit a fraud. *McKesson Medical-Surgical, Inc. v. Flower Orthopedics Corp.*, No. 3:17cv631, 2018 WL

6

944375, at *7 (E.D. Va. Feb. 16, 2018). "[M]ere inconvenience or 'delay in and of itself does not constitute prejudice.'" *Id.* (citing *Colleton Preparatory Acad.*, 616 F.3d at 418).

When considering the availability and effectiveness of sanctions less severe than a default, courts can consider options like monetary sanctions. *See Vick*, 263 F.R.D. at 331. However, sanctions against defaulting party themselves, rather than attorneys, are not effective. *Id.* ("[M]onetary sanctions [on the defaulting party individually] would not be 'effective,' considering that [he] does not likely need any more monetary incentive to defend the charges . . . .").

Finally, it is important to note that in Virginia, incarcerated felons are considered people under disabilities and are entitled to extra protections. Va. Code. § § 8.01–2(6), 9(A); *see also* Fed. R. Civ. P. 17(c)(2) (providing protections in federal court to litigants who are found to be under a disability under state law).[3]

### D. DISCUSSION

In this case, there is good cause to set aside the entry of default against Holt. In coming to this decision, the Court has considered the strong preference for cases to be decided on the merits, the obligation to liberally construe Federal Rules of Procedure 55(c) motions, and all the facts and circumstances surrounding this case.

First, the Court considers whether Holt has a meritorious defense. Progressive's policy agreement states it does not provide insurance coverage to people who intentionally cause bodily injury or property damage. ECF No. 1 at 6. Holt's intent in the incident with the Derbys has not yet been determined. Holt has not admitted the allegations in the Derby Lawsuits. ECF No. 22 at

---

[3] The Court acknowledges Progressive argued in its Motion for Default Judgment that Holt "is not an infant, incompetent person, or in the active military service for the United States of America . . . ." ECF No. 17 at 2 ¶ 6. The Court also acknowledges Holt has not thus far claimed he is incompetent or a person under a disability. However, the Court takes notice of these statutory protections for incarcerated people in its broad discretion in considering all the facts and circumstances surrounding this default.

6. The Derby Lawsuits are stayed pending the resolution of the two state court criminal matters. ECF No. 22 at 6. On October 24, 2022, the state court criminal proceedings against Holt were at the grand jury stage. ECF No. 22 at 6. Although Holt was subsequently indicted and appears to have pleaded guilty to certain charges in the Southampton County Circuit Court, he is awaiting sentencing, and any details of his pleas have not been provided to the Court.[4] Therefore, because the Court has insufficient evidence of Holt's intent, it is possible Progressive may be obligated to provide coverage to Holt and Holt has a meritorious defense.

Next, the Court considers whether Holt acted reasonably promptly. The Court acknowledges Holt is and has been incarcerated during the entirety of this case and the limitations associated with being incarcerated. The Court acknowledges Holt's claims that he believed, albeit mistakenly, that his state court attorneys would represent him in this matter. Additionally, the Court acknowledges Holt's claim that his mail is not being forwarded to him. Finally, Holt responded seventeen days after the Clerk's Entry of Default and eleven days after Progressive's Motion for Default Judgment was filed. Under all of these circumstances, Holt's response was reasonably prompt.

The Court then considers Holt's personal responsibility for the default. Based on Holt's claims, it seems there was either a miscommunication or misunderstanding as to whether he had representation in this case. The Court finds Holt's failure to respond to be at worst excusable neglect. Furthermore, it seems possible that representations made by Progressive or Holt's state court attorneys confused Holt and made him believe he would be represented in any cases involving Progressive. The Court does recognize Holt was aware of the Complaint and did not answer. However, in light of all the circumstances, while Holt is personally responsible for the

---

[4] *See* n.2, *supra*.

default, this factor is not determinative, nor does it weigh overwhelmingly in Progressive's favor.

The Court also considers the potential prejudice to Progressive. Progressive has not shown how it is prejudiced. It does not appear that Holt's delay has made it impossible for Progressive to present its evidence, made it difficult for Progressive to proceed with trial or other adjudication of this case on its merits, and has not hampered Progressive's ability to complete discovery. Finally, Progressive has not presented evidence that Holt used the delay to collude or commit a fraud. Delay in and of itself, which appears to be the situation in this case, is not enough to constitute prejudice.

The Court considers the availability of sanctions less severe than default. The Court believes monetary sanctions would be ineffective here. Holt failed to answer and defaulted while he was unrepresented in this case, so no attorney is responsible for the default and delay. Additionally, assessing attorney's fees on Holt's state court attorneys in this federal action would be inappropriate. Holt does not need monetary incentive to defend the charges against him and therefore the Court finds monetary sanctions are inappropriate here.

The Court considers whether Holt has a history of dilatory action. From the parties' briefs, it appears Holt has appeared and responded timely in his state court criminal cases and the Derby Lawsuits. Also, once Holt appeared in this case on October 24, 2022, he promptly replied to Progressive's response to his Motion to Set Aside Entry of Default and for Leave to File Late Answer. ECF Nos. 25, 24, 21. Therefore, while Holt did not file a timely answer and did not appear in this case promptly, he does not have a history of dilatory action beyond his initial tardiness.

Finally, in light of the facts and circumstances surrounding Holt's incarceration, this Court finds setting aside the entry of default appropriate.

Consequently, for the reasons stated herein, Progressive's Motion for Default Judgment, ECF No. 17, is **DENIED** and Holt's Motion to Set Aside Entry of Default and for Leave to File Late Answer, ECF No. 21, is **GRANTED**. Holt is **ORDERED** to file his Answer within seven (7) days from the date of this Order.

The Clerk is **DIRECTED** to forward a copy of this Opinion and Order to all counsel of record.

It is so **ORDERED**.

/s/ Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
February 17, 2023